ESTATE OF SHERWOOD CALLAGHAN, DECEASED.

[No. 11,405; decided November 25, 1892.]

Accounts.—The Statutes do not Require that Any Particular Designation should be given by executors to any account which they may file; the code leaves the nature of the account to be determined by its intrinsic qualities and contents, and not by any title or heading which may irrelevantly be placed upon it.

Final Account and Final Settlement Defined.—A final account, except as the term is used in Code of Civil Procedure, sections 1652, 1653, merely means a complete account of all matters necessary for the complete administration of the estate, and a "final settlement" means such a settlement as completes all matters which the court should act upon to cover all the true functions of administration, namely, which provides for the payment of all presented debts, which passes upon all receipts and disbursements up to the date of the payment of the debts and the expiration of the normal period of administration, and puts the court in possession of data sufficient to determine and ascertain the distributable assets.

Final Account.—The Account of an Executor may be regarded as final, although it does not set forth the amount of his commissions or the amount of the attorney's fees, and although there have other sums accrued to the estate since the filing of the account.

Account—Only One is Necessary.—In ordinary estates there is no necessity for more than one account, which is a final or complete account.

Account.—The "Finality" of the Account of an Executor is to be determined by reference to its completeness and to the circumstances of the estate, and not by reference to the title which the executors choose to apply to it.

Account.—A "Final" or Second Account is not contemplated by the code, except in the single case where the court, on settling the original or general account, determines that the estate is not ready for closing, and fixes a limit for the rendering of another account.

Account.—The Term "Final Account," as used in Code of Civil Procedure, section 1652, applies only to the cases mentioned in the last half of section 1651; and the term "final settlement," as used in section 1665, applies not specially to the settlement of a "final account" (in the sense of a second account, as prescribed by section 1652), but to any settlement of account which completes the payment of the debts and determines the distributable assets.

Accounts.—Three Classes of Notices of the Hearing of Accounts are provided by the code: 1. Where the account is filed by itself, notice must be given as prescribed by Code of Civil Procedure, section 1633; 2. Where the petition for distribution is filed by itself, notice must be given as prescribed in Code of Civil Procedure, section 1668;

3. Where the account and distribution are filed together, the notice must be given as prescribed in Code of Civil Procedure, section 1634.

Sherwood Callaghan died on September 14, 1891, leaving a will dated January 27, 1891, in which he named his mother, Annie Callaghan, executrix, and his brother, Daniel T. Callaghan, executor. On petition filed on September 22, 1891, letters testamentary were issued to the executor and executrix on October 20, 1891.

On October 19, 1892, the executor and executrix filed an account which they denominated a "First Annual Account." A day was fixed for the hearing of the account, and notice given of such hearing. On October 24, 1892, the devisees and legatees named in the will filed a petition for distribution, and this petition was set for hearing at the time fixed for the settlement of the account, and notice thereof was given. The account was settled on November 4, 1892. The hearing of the petition for distribution was postponed to a later day, and, upon such hearing, counsel for the executor and executrix objected thereto on the grounds that the application was premature and that the notice of the hearing was not in compliance with the provision of the code on the subject.

Chas. F. Hanlon, for the executor and executrix.

Harold Wheeler, for the devisees and legatees.

COFFEY, J. The questions to be determined are whether there has been a "Final Settlement of the Accounts of the Executor" within the meaning of section 1665, Code of Civil Procedure, so as to entitle the legatees to distribution, and whether notice of the settlement and of the distribution has been given in such a way as to make regular a degree of distribution at the present time.

1. What is a "final" account?

The first question resolves itself into a question as to what is meant by "Final Settlement of the Accounts" in section 1665. A comparison of the different sections of the code will make it clear that such a "final settlement" has now occurred.

The account filed herein was designated by the executors as their "First Annual Account." There is nothing in the code

to warrant such a title being given to this, or, indeed, to any account. No reference is made in the code to an "annual account"; nor is there any requirement anywhere that a particular designation should be given by the executors to any account which they may file. The code leaves the nature of the account to be determined by its intrinsic qualities and contents, and not by any title or heading which may irrelevantly be placed upon it.

We find no decision of our own supreme court particularly defining the phrase "final settlement." Looking into the use of the phrase in other states than our own, we find that it has two meanings, according to the procedure in vogue where it is employed. For instance, in the American and English Encyclopedia of Law, title "Executors and Administrators," subtitle "Account" (volume 7, page 442, first edition), we find the following statement, accompanied by references to many cases outside of California, to wit: "A partial or annual account is only a judgment de bene esse, often rendered ex parte, and only prima facie correct. On final settlement it may be opened to correct errors due to fraud or mistake, although the error was not excepted to or appealed from when the partial account was rendered. After the final balance has been ascertained by the accounting, a decree of distribution is regularly in order." Evidently it is not in this sense that the phrase "final account" or "final settlement" is used in our own code; for the settlement of any account filed by an executor in our state is final and conclusive in the sense referred to in the above quotation: Code Civ. Proc., sec. 1637. The above quotation and the definition therein contained applies, therefore, only to those states in which an ex parte rendering of an account without citation or notice to the parties interested is permitted. For instance, in New York, accounts are habitually rendered and accepted by the surrogate without notice and subjected to scrutiny only at a later date when "final settlement" of that or of all of the accounts is asked for and notice is given. Dayton on Surrogates, page 463: "The finality intended by the term 'final settlement' refers to the conclusive character of the accounting, which, being made on citation to all parties in interest, is a final and conclusive adjustment up to that period."

The foregoing references help us only by showing what the phrase "final settlement," as used in our code, does not mean. In another quarter we find an apt definition applying directly to the use of this phrase in our own code. In Anderson's Dictionary of Law, title "Account," we find: "First Account; Partial Account; Final Account. Designate the number or completeness of accounts presented to the court for confirmation." The examination of the different sections of our code makes it clear that it is in this sense that the term is used by us, and that a "final account" (except as used in sections 1652 and 1653, of which we will speak later), merely means a complete account of all matters necessary for the complete administration of the estate, and that a "final settlement" means such a settlement as completes all matters which the court should act upon to cover all the true functions of administration, namely: which provides for the payment of all presented debts, which passes upon all the receipts and disbursements up to the date of the payment of the debts and the expiration of the normal period of administration, and puts the court in possession of data sufficient to determine and ascertain the distributable assets. If this is the meaning of the term "final settlement," as used in our code, it is evident that the recent settlement of the account filed herein on October 19th was a "final settlement," and that the estate is therefore ready for distribution.

It is admitted, or, at any rate, clear from the record herein, that when this account was filed, on October 19th, the estate was ready for a "final account," or for a "final settlement" of the accounts. All of the property had been administered and reduced to possession by the executors; all claims presented had been paid; the time for presentation of claims had expired sixty days previously; there was nothing further to be done by the executors by way of completing their administration, except to render their account. Suppose, now, that the executors had, on October 19th, actually desired to close up the estate and to render a "final account" in the manner required of them by the statute. Suppose that they had, on October 19th, rendered an account which they designated a "final account." In what respect would that account have differed from the account which they actually did render?

Evidently it would not have differed in a single line or item, but solely in the title. The account which they did render covered all their receipts and disbursements up to the day of rendition; showed by references to the inventory the full amount of the property in their hands; showed the payment of all presented claims, and gave the court all the data necessary for the due settlement and distribution of the estate. In other words, the account was a "final or complete account" as far as any account possibly could be such; and the court should treat it as such and proceed with the distribution asked for.

Counsel for the executors has urged that the account should not be considered final, because it does not set forth the amount of the executors' commissions or of the attorney's fees, and because there have been sums accruing to the estate and received by it since the account was filed; but the matter of fees and commissions is fixed by the court at the time of the final settlement or distribution; and, as to the items accruing after the making of the account, they could not have been included in it. In any estate which has a current income there are items which must accrue after the rendering of the final account and prior to its settlement. Section 1665 distinctly provides for this in setting forth that a supplementary statement of receipts and disbursements must be filed by the executors at the time the distribution is made.

Section 1622, Code of Civil Procedure, provides for "an exhibit" by the executor within six months after his appointment; and there is nothing else whatsoever in the code (except in section 1651 and the sections supplementary to it) to suggest that in any ordinary estate there is to be any account but the one, and that, a final or complete account. The whole spirit of the code is to provide for the winding up of the estate within the year. Section 1453, for instance, provides for the delivery of the state to the heirs at the end of the period of notice to creditors, whether the accounts be then settled or not. Section 1628 provides for the rendering of a full account within thirty days after the notice to creditors has expired. Section 1647 provides for orders for payment of claims—to be made when the accounts (that is, the account required by section 1628) are settled. The same section expressly provides that if the assets of the estate are exhausted by such order of

payment, "the account must be considered as a final account," and the estate must be wound up accordingly. This last section clearly shows that the "finality" of the account is to be determined by reference to its completeness and to the circumstances of the estate, and not by reference to the title which the executors choose to apply to it.

There is no suggestion of a second or later account until we come to section 1651, and that section fully establishes the position here assumed: "If the whole of the debts have been paid by the first distribution (that is, first order for payment of debts), the court must direct the payment of legacies and the distribution of the estate . . . . as provided in the next chapter." And the distribution provided in the next chapter is "distribution on final settlement," such as is now demanded. Evidently, then, an ordinary settlement of account and distribution, as provided in section 1651, is a distribution after "final settlement," no matter what the account may have been termed.

The second portion of section 1651 shows that distribution is to be postponed, and a second and "final account" to be rendered, only where there are special reasons for it, and where the court makes a special order to that effect; and, as there are no such reasons in the present case, that latter portion of the section has no effect. The language is: "If there be debts remaining unpaid, or if for other reasons the estate be not in a proper condition to be closed, the court must give such extension of time as may be reasonable for a final settlement of the estate." And the next two sections, providing for the filing of a "Final Account," require it to be filed within the time designated by the court's extension. Is it not clear, then, that there is no such thing contemplated as a "final" or second account, by the code as a whole, except in the single case where the court, on settling the original or general account, determines that the estate is not ready for closing, and fixes a limit for the rendering of another account?

The term "final account," then, as used in section 1652, applies only to the cases mentioned in the last half of section 1651, and not to the case at bar; and the term "final settlement," as used in section 1665, applies not specially to the settlement of a "final account" (in the sense of a second ac-

count, as prescribed by section 1652), but to any settlement of account which completes the payment of the debts and determines the distributable assets.

2. As to the notice of the hearings:

Three classes of notice are provided for by the code: 1. Where the account is filed by itself, notice of settlement must be given as prescribed by section 1633; 2. Where the petition for distribution is filed by itself, notice of the hearing must be given as prescribed by section 1668; 3. Where the account and the distribution are filed together, the notice must be given as prescribed by section 1634.

In the present case the account was filed on October 19th, and the petition for distribution on October 24th. Notice was, therefore, given of each as prescribed by sections 1633 and 1668; and section 1634 has no application. That section only applies where the account and petition are filed together; and the requirement that the "notice should state those facts" only applies where "those facts" exist—that is, where the account is for final settlement, and a petition for distribution is filed therewith.

. The foregoing are the views which the court accepts as entitling the applicants to distribution, which is decreed accordingly.